UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHANNA K. HUGHES,

                              Plaintiff,

                                                                   Case # 24-CV-6455-FPG

v.

                                                                      DECISION AND ORDER

L3 HARRIS TECHNOLOGIES INC.,

                              Defendant.
_____

      *Pro se* Plaintiff Shanna K. Hughes brings this employment discrimination action against her former employer, Defendant L3 Harris Technologies Inc., alleging race, color, and sex discrimination.  ECF No. 1.  Now before the Court is Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and (5) due to insufficient service.  ECF No. 3.  Plaintiff opposes the motion.  ECF No. 6.  For the following reasons, Defendant's motion is GRANTED.

      Defendant argues that service was deficient because Plaintiff failed to include "a complaint or an acknowledgement of service form" when her process server mailed the summons.  ECF No. 3-1 ¶ 6.  Plaintiff appears to concede that the mailing did not include the complaint filed in this action or the acknowledgement of service form.  *See* ECF No. 6 at 1.  Instead, she states that she included the "original complaint that [she] wrote to the Division of Human Rights back in August of 2023."  *Id.*

      Under Rule 4(c)(1), a summons "must be served with a copy of the complaint."  Fed. R. Civ. P. 4(c)(1).  "[C]ourts have found service of process to be defective where a plaintiff serves a complaint without a summons or a summons without a complaint."  *Buon v. Spindler*, 65 F.4th 64, 74 (2d Cir. 2023).  "Defective service will justify threshold dismissal of an action, though courts

1

have broad discretion over whether to permit a plaintiff additional time to effect proper service." *George v. N.Y.C. Health & Hosps. Corp.*, No. 09-CV-3833, 2012 WL 1072274, at *2 (E.D.N.Y. Mar. 29, 2012) (internal citation omitted).

Here, there is no dispute that Plaintiff failed to serve Defendant with a copy of the complaint and, thus, failed to comply with Rule 4(c)(1). In terms of remedy, "Rule 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Buon*, 65 F.4th at 75 (internal quotation marks and brackets omitted). "Additionally, it is well settled that district courts have discretion to grant extensions under Rule 4(m) even in the absence of good cause." *Id.* (internal quotation marks and brackets omitted). Because Plaintiff filed her complaint on July 23, 2024, she has until October 23, 2024, to serve Defendant even without an extension. Furthermore, after considering the relevant factors, *see Bey v. N.Y.S. Dep't of Soc. Servs.*, No. 21-CV-5713, 2022 WL 706510, at *2-3 (E.D.N.Y. Mar. 8, 2022), the Court exercises its discretion and grants Plaintiff an extension through December 2, 2024, to effectuate proper service of the summons and complaint. If Plaintiff fails to effect service by that date, this matter will be dismissed without prejudice in accordance with Rule 4(m).

## CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss (ECF No. 3) is GRANTED, insofar as this matter will be dismissed without prejudice unless Plaintiff effects proper service of the summons and complaint by December 2, 2024.

IT IS SO ORDERED.

Dated: October 10, 2024
      Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York